UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENDY NOELIA CLAUDIO MENDEZ,<br>   Plaintiff,<br><br>   v.<br><br>CHAD WOLF, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KENNETH CUCCINELLI, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ROBERT COWAN, DIRECTOR OF THE NATIONAL BENEFITS CENTER IN OVERLAND PARK, KANSAS, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>   Defendants. | Civil No. 3:20-cv-11598-KAR |

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

  Plaintiff Glendy Noelia Claudio Mendez ("Plaintiff" or "Claudio Mendez") filed this action against Chad F. Wolf, Secretary of the United States Department of Homeland Security; Kenneth Cuccinelli, Acting Director of the United States Citizenship and Immigration Services; Robert Cowan, Director of the National Benefits Center in Overland Park, Kansas, United States Citizenship and Immigration Services; the United States Department of Homeland Security; and

1

the United States Citizenship and Immigration Services (collectively, "Defendants") to review the denial of her petition for special immigrant juvenile status. Presently before the court is Defendants' motion to dismiss Claudio Mendez's complaint for failure to state a claim (Dkt. No. 11). The parties have consented to this court's jurisdiction (Dkt. No. 15). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the motion is DENIED.

I.     FACTUAL BACKGROUND

Plaintiff was born on March 14, 1998 in Guatemala (Dkt. No. 1 at ¶ 15). She was neglected and abandoned by her father at the age of eight and was placed in the care of her maternal grandmother (*id*. at ¶¶ 2, 15). While Plaintiff lived with her grandmother, she was emotionally and physically abused by her maternal uncle (*id*.). She fled Guatemala at the age of seventeen to escape her uncle's abuse (*id*.). Plaintiff entered the United States, alone, as a juvenile on or about July 26, 2015 (*id*. at ¶ 2, 16). When Plaintiff entered the United States, she was detained and subsequently released to reside with her mother in Springfield, Massachusetts (*id*. at ¶ 3).

On March 10, 2016, the Massachusetts Probate and Family Court ordered that Plaintiff was dependent on the Probate Court, that she was abandoned and neglected by her father, that reunification with her father was not viable due to the abandonment and neglect, and that it is not in the Plaintiff's best interest to return to Guatemala (*id*. at ¶ 4).

On February 28, 2018, Plaintiff filed a Form I-360, Petition for Special Immigrant Juvenile status (*id*. at ¶¶ 5, 16). On February 12, 2020, Defendants issued a Notice of Intent to Deny ("NOID") Plaintiff's Form I-360 and required that Plaintiff submit evidence of relief from the Probate Court (*id*.). Plaintiff, through counsel, submitted a memorandum of law taking the

position that this requirement was unnecessary (*id*.). On March 11, 2020, Defendants denied Plaintiff's Form I-360 (*id*. at ¶¶ 5, 16).

## II.     LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013).

## III.    DISCUSSION

Plaintiff's complaint is brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. "The APA 'sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). "The APA requires a reviewing court to set aside an agency decision when the administrative record shows that the decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Atieh*, 727 F.3d at 75-76 (quoting 5 U.S.C. § 706(2)(A)).

Defendants have moved to dismiss Plaintiff's complaint on the basis of Fed. R. Civ. P. 12(b)(6)'s plausibility standard. However, the First Circuit has held that "the plausibility standard does not apply to a complaint for judicial review of a final agency action." *Id*. at 76. This is so because "APA review … involves neither discovery nor trial," and "[t]hus … presents

no need for screening" pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. "The relevant inquiry [in an APA review] is – and must remain – not whether the facts set forth in the complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision." *Id*. Thus, Fed. R. Civ. P. 12(b)(6) provides no basis for dismissal of this action.

### IV.  CONCLUSION

For the above-stated reasons, Defendants' motion to dismiss (Dkt. No. 11) is DENIED. It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: March 9, 2021